# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, CDCR #J-48500, <br><br> Plaintiff, <br><br> v. <br><br> JUDGE ANTHONY J. BATTAGLIA, <br><br> Defendant. | Case No.: 3:19-cv-01950-BAS-AGS <br><br> **(1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* UNDER 28 U.S.C. § 1915(g) [ECF No. 5];** <br><br> **AND** <br><br> **(2) DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff Steven Wayne Bonilla, proceeding *pro se* and currently incarcerated at San Quentin State Prison, filed a civil action on October 2, 2019. (ECF No. 1.) Plaintiff has not prepaid the $400 filing fee required by 28 U.S.C. § 1914(a) to commence a civil action; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 5) and a separate miscellaneous document entitled "Response to Court Ruling."[1] (ECF No. 4.) The Court **DENIES** Plaintiff's Motion to Proceed IFP and **DISMISSES** the action without prejudice for failure to pay the filing fee.

---

[1] In this document, which Plaintiff claims is a response "to the court's many rulings," alleges that "there can be no subject matter jurisdiction" because "the prosecution committed fraud . . . by falsely claiming that the evidence was obtained pursuant to a federal grand jury subpoena" that did not exist. (*See* ECF No. 4.) It is unclear to what Plaintiff is responding, as this Court has yet to issue any rulings.

1

# I. MOTION TO PROCEED IFP

## A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face … additional hurdle[s]." *Id.* Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee" in monthly installments or increments as provided by 28 U.S.C. § 1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended § 1915 to preclude the ability to proceed IFP

> if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim." *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted). Such complaints are dismissed for purposes of § 1915(g) "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a

dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

**B. Discussion**

As a required preliminary matter, the Court has reviewed Plaintiff's pleading and finds it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1119–1120. That is the case here.

A court may take judicial notice of its own records. *See Molus v. Swan*, Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)). It also "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Based on the records and court proceedings available on PACER, this Court finds that Plaintiff, while incarcerated, has filed dozens of prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See In re Steven Bonilla*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history in the Northern District of California, including the dismissal of 34 pro se civil rights actions between June 1 and October 31, 2011 alone, which were dismissed "because the allegations in [his] complaints d[id] not state a claim for relief under § 1983."); *id.* at *3 ("The following five actions are DISMISSED without prejudice and without leave to amend for failure to state a claim upon which relief may be granted: *Bonilla v. Superior Court of Alameda County*, C 11-6306; *Bonilla v. Alameda County District Attorney's Office*, C 11-6307; *Bonilla v. California Supreme Court*, C 12-0026; *Bonilla v. Cullen*, C 1200027; *Bonilla v. California Supreme Court*, C 12-0206."); *id.* at *3 n.1 ("The Court recently informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed in forma pauperis in any civil rights action.") (citing *In re Steven Bonilla*, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19.)).

Accordingly, because Plaintiff has accumulated far more than three "strikes" pursuant to § 1915(g) and fails to make any "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed this case, he is not entitled to the privilege of proceeding IFP. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (noting that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. CONCLUSION AND ORDER

For the reasons explained, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 5) as barred by 28

U.S.C. § 1915(g);

2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

DATED: December 17, 2019

Hon. Cynthia Bashant
United States District Judge